UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| In the Matter of: | } |
| CARL W. HASTINGS<br>SSN: XXX-XX-8609<br>RAMONA M. HASTINGS<br>SSN: XXX-XX-5601,<br><br>Debtor(s). | } CASE NO. 08-80212-JAC-7<br>}<br>}<br>}<br>}<br>} CHAPTER 7<br>} |
| SAFECO INSURANCE CO. OF AMERICA<br><br>Plaintiff(s),<br>v.<br><br>CARL W. HASTINGS<br>RAMONA HASTINGS,<br><br>Defendant(s). | } A.P. No. 08-80085-JAC-7<br>}<br>}<br>}<br>}<br>}<br>}<br>}<br>} |

**MEMORANDUM OPINION**

The plaintiff, Safeco Insurance Company of America ("Safeco"), filed this adversary proceeding to determine dischargeability pursuant to 11 U.S.C. § 523(a)(4). On September 26, 2008, Safeco moved for summary judgment and filed a brief in support of same. Pursuant to Federal Rule of Civil Procedure 56(c) and Federal Rule of Bankruptcy Procedure 7056, summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 2552 (1986); *Gray v. Manklow (In re Optical Tech., Inc.),* 246 F.3d 1332, 1334 (11th Cir. 2001); and *Fitzpatrick v. City of Atlanta*, 2 F.3d 1112 (11th Cir. 1993). "In making this determination, the court must view all evidence and make all reasonable inferences in

favor of the party opposing summary judgment." *Chapman v. A1 Transp.*, 229 F.3d 1012, 1023 (11th Cir. 2000). Upon due consideration of the pleadings, the respective submissions of the parties, and after reviewing the case law, the Court finds in the present case that Safeco is entitled to partial summary judgment as a matter of law.

On October 6, 2003, the debtors signed an agreement in favor of Safeco entitled General Agreement of Indemnity for Contractors in which the debtors agreed to indemnify Safeco from all losses and expenses which Safeco might sustain acting as surety for Hastings General Contracting ("HGC"). The agreement contains a trust fund provision which provides that all moneys earned by HGC are "trust funds . . . for payment of Contractor's obligations for, labor, material, and supplies furnished to Contractor in performance of such Contract for which surety would be liable under any Bond on such Contract."

At HGC's request, Safeco subsequently issued performance and payment bonds in favor of the State of Alabama, Department of Transportation on a road construction project. As surety for HGC on the project, Safeco has paid APAC Mid-South, Inc., a subcontractor to HGC on the project, $750,000.00 to settle its claim for amounts due on the project. In addition to APAC, Safeco alleges that HGC failed and has refused to make payments to other subcontractors and material suppliers after receiving progress payments from the state on the project. Safeco argues that it will sustain a loss of $1,041,066.47 which Safeco alleges is directly attributable to the debtors' failure to remit payments to subcontractors and suppliers after receiving corresponding progress payments from the state.

The debtors concede and the Court finds that the wording in the indemnity agreement created an express trust on behalf of Safeco and a fiduciary relationship between the parties for purposes of

2

11 U.S.C. § 523(a)(4).[1] The debtors contend however that they did not commit defalcation or engage in any improper conduct while acting in such fiduciary capacity under the bonding contract. The debtors argue that "at least as much money as was obtained on this contract was applied to obligations resulting from this contract," and therefore insist that plaintiff's summary judgment is due to be denied.

In conformity with the case of *Int'l Fid. Ins. Co. v. Fox (In re Fox),* 357 B.R. 770 (Bankr. E.D. Ark. 2006), the Court finds that any use of the bond funds, if any, to pay expenses for which Safeco was not liable, even HGC's otherwise legitimate business expenses for the project, will constitute a defalcation for purposes of § 523(a)(4). In *Fox*, the bankruptcy court determined that the debtor breached his obligations under the trust fund provision of an indemnity agreement by using contract funds for uses other than paying material men, laborers, and suppliers who could make claims against the surety. The court reached this conclusion despite the fact that evidence was presented that the money was used to cover overhead expenses that were necessary to keep the debtor's business operating so that it could complete the bonded project. The debtor sought to allocate indirect costs, such as owner-owned equipment costs and other overhead expenses, to the bonded project. The court found that the plain language of the indemnity agreement stated that the trust res was for the benefit of material men, laborers, and suppliers, and the mere taking of money from the trust by the debtor as a fiduciary for other purposes was a defalcation for purposes of §523(a)(4).

---

[1] *Int'l Fid. Ins. Co. v. Herndon (In re Herndon)*, 277 B.R. 765 (Bankr. E.D. Ark. 2002)(finding language in indemnity agreement created a trust relationship); *Wright v. Gulf Ins. Co. (In re Wright)*, 266 B.R. 848 (Bankr. Ark. 2001)(finding debt fell within the discharge exception for fiduciary defalcation where indemnity agreement required debtor to hold contract funds in trust); *Mountbatten Surety Co. v. Smith (In re Smith)*, 238 B.R. 664 (Bankr. W.D. Ky. 1999)(finding language in indemnity agreements signed by owners of government contractor in favor of surety created an express trust for purposes of § 523(a)(4)).

3

In the case before the Court, the trust language in the indemnity agreement provides that the trust *res* must be used "for payment of Contractor's obligations for, labor, material, and supplies furnished to Contractor in performance of such Contract for which surety would be liable under any Bond on such Contract." This Court hereby adopts the analysis in *Fox* and finds that partial summary judgment is due to be entered in favor of Safeco to the extent the debtor or debtors used the trust *res* to pay any expenses for which Safeco was not liable. Only that portion of the trust res inappropriately expended by HGC will be nondischargeable under § 523(a)(4).

The Court will continue the trial date set in this matter and enter a separate order sending the parties to mediation to resolve the remaining issues in this case, including the following:

(1) What portion of the trust funds were used to pay expenses for which Safeco was not liable under the bond; and

(2) Whether the defendant Ramona Hastings took any actions which could rise to the level of defalcation.

If the parties are unable to resolve the remaining issues in mediation, the Court will reset this matter for trial upon notification from the mediator that mediation was not successful.

A separate order will be entered consistent with this opinion.

Dated: December 23, 2008

/s/ Jack Caddell
Jack Caddell
U.S. Bankruptcy Judge

xc: Debtor(s)
     Brian Dodd and Thomas Selden, attorneys for plaintiff
     Harry Long, attorney for defendant(s)
     trustee

4